## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 27 2019, 6:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Denise F. Hayden
Lacy Law Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Richard A. Mann
Megan L. Gehring
Mann Law, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

---

In re the Paternity of L.B.,

Rita Maxwell,

*Appellant-Respondent,*

v.

Randall S. Bertram,

*Appellee-Petitioner*

February 27, 2019

Court of Appeals Case No.
18A-JP-2049

Appeal from the Hendricks
Superior Court

The Honorable Mark A. Smith,
Judge

Trial Court Cause No.
32D04-1709-JP-137

**Baker, Judge.**

[1] Rita Maxwell[1] (Mother) appeals the trial court's order authorizing Randall Bertram (Father) to have unsupervised parenting time with their child, L.B. (Child), arguing that the evidence does not support the order. Finding the evidence sufficient, we affirm.

## Facts

[2] Child was born on April 29, 2012; at the time of her birth, Father and Mother executed a paternity affidavit.[2] She was born prematurely and spent the first four months of her life in the Neonatal Intensive Care Unit. Child continues to have significant medical challenges. She has been diagnosed with Failure to Thrive because she has been unable to gain and maintain appropriate weight. She also has a strict eating and oral exercise regimen recommended by her healthcare providers.

[3] Child has primarily lived with Mother. Father has participated regularly in Child's life, exercising parenting time on a consistent basis. He has also provided financial support.

[4] Father sometimes accompanied Child to her appointments at a feeding program center in Evansville. He was reluctant, or refused altogether, to participate in learning how to feed her or how to help her use the oral

---

[1] Evidently Maxwell has gotten married and changed her last name to Seal, but as she is called "Rita Maxwell" in all underlying documents, we will do the same herein.

[2] Mother and Father were engaged in a relationship in the past but have since separated, though they have continued to co-parent Child.

techniques being demonstrated by the therapists. He has not strictly abided by the list of approved foods created by Child's medical team, nor has he strictly complied with Child's eating schedule when she is in his care.

[5] On September 7, 2017, Father filed a petition to establish paternity, custody, and child support. On September 18, 2017, Mother filed a counter-petition in which she agrees that paternity should be established, asks for sole custody of Child, and asks for supervised parenting time for Father. At Mother's request, the trial court appointed a guardian ad litem (GAL) for Child. After investigating, the GAL agreed that Mother should have sole custody and that Father should have supervised parenting time.

[6] An evidentiary hearing took place on June 7, 2018. Following the hearing, the trial court entered an order establishing paternity, awarding sole custody of Child to Mother, and awarding Father unsupervised parenting time pursuant to the Indiana Parenting Time Guidelines. In pertinent part, the trial court found and held as follows:

> 6.    The Court finds that it is in [Child's] best interest to award legal custody to Mother. Based upon the evidence, the Court finds that Mother is more attuned to [Child's] serious medical issues because of her premature birth. It appears that Father has been unable and/or unwilling to avail himself of many opportunities to properly educate himself regarding [Child's] very structured eating schedule. . . .

> ***

8.      Mother shall maintain primary physical custody subject to Father's parenting time. . . .

9.      Commencing the first day of the 2018-2019 academic year at [Child's] school . . . , Father shall have parenting time pursuant to the Indiana Parenting Time Guidelines (IPTG) when distance is a factor.[3]  Mother shall make every effort to schedule [Child's] feeding clinic appointments so as not to overlap Father's parenting time. Father shall also be entitled to weekly contact with [Child] at reasonable times and intervals via telephone and/or by use of programs such as Skype or FaceTime.

***

12.     Father shall be properly trained on [Child's] feeding plan. Father shall faithfully follow and administer the feeding plan while he exercises parenting time with [Child].

Appealed Order p. 2-3.  Mother filed a motion to correct error, which the trial court summarily denied.  She now appeals.

# Discussion and Decision

Mother argues that the portion of the trial court's order awarding Father unsupervised parenting time pursuant to the Parenting Time Guidelines is erroneous and based on insufficient evidence.

---

[3] Mother notified the trial court of her intent to relocate to Virginia with Child.  The trial court approved the relocation.

[8] When reviewing a trial court's parenting time decision, if we find that there is a rational basis for the decision, we will affirm. *Meisberger v. Bishop*, 15 N.E.3d 653, 656 (Ind. Ct. App. 2014). We will neither reweigh evidence nor reassess witness credibility in reviewing the order. *Id.*

[9] The central inquiry when considering parenting time is the best interests of the child. *Id.* We must also keep in mind that the right of a noncustodial parent to spend time with his child is a sacred and precious privilege. *Hatmaker v. Hatmaker*, 998 N.E.2d 758, 761 (Ind. Ct. App. 2013). Indeed, the General Assembly has codified this right in a statute providing that "the court *shall not* restrict a parent's parenting time rights unless the court finds that the parenting time *might* endanger the child's physical health or significantly impair the child's emotional development." Ind. Code § 31-17-4-2 (emphases added). This Court has previously interpreted this language "to mean that a court may not restrict parenting time unless that parenting time 'would' endanger the child's physical health or emotional development." *D.B. v. M.B.V.*, 913 N.E.2d 1271, 1274 (Ind. Ct. App. 2009). The child, likewise, has a right to that parenting time. Ind. Parenting Time Guideline I(E)(5). Therefore, our analysis must take into account the rights of both Father and Child to a mutual relationship.

[10] Mother argues that the evidence does not support the trial court's conclusion that unsupervised parenting time is in Child's best interest. While we acknowledge Mother's genuine concerns, as well as the GAL's

recommendation and the evidence supporting their position, we must focus on the evidence in the record that supports the trial court's order.

- Both Mother and Father keep food logs to track Child's food intake. Appellant's App. Vol. III p. 8. Father has filled out the food log every time he fed Child during his parenting time. Tr. Vol. II p. 188.

- Father was initially trained by Mother on the feeding program and followed it until Mother began restricting his parenting time. *Id.* at 19, 180-81. He also attended Child's feeding clinics on multiple occasions to ensure that he understands the requirements of her program. *Id.* at 49, 182.

- Father had extended parenting time with Child during May and June 2017. During that time, Child's weight increased from 31.6 to 33 pounds. *Id.* at 38-39, 40-41.

- Father has a loving and close relationship with Child. She is bonded to both of her parents and her paternal grandparents. *Id.* at 43; Appellant's App. Vol. III p. 56.

- While Mother notes that Father gave Child food that was not on the approved list of foods provided by the feeding clinic, nothing in the record indicates that Child cannot have foods that are not on the list. In fact, the Home Meal Protocol itself states that the list is merely "suggestions on foods to select, calorie boosting, and combining items." Tr. Ex. 9.

- In fact, one of the foods not on the list that Father gave to Child was peanut butter, and the record reflects that a nurse for Child's home healthcare services gave Child a peanut butter and jelly sandwich for lunch. Tr. Vol. II p. 116. One of the reasons that Father gave Child peanut butter is because it is a high caloric food that could help increase her weight. Appellant's App. Vol. III p. 26.

We find that this evidence supports the trial court's conclusion that unsupervised parenting time is in Child's best interest. Although Mother highlights other evidence in the record supporting her position, this amounts to

a request that we reweigh evidence and assess witness credibility, which we may not do.

[11] Mother also directs our attention to the trial court's finding that Father "has been unable and/or unwilling to avail himself of many opportunities to educate himself regarding [Child's] very structured eating schedule," appealed order p. 2, arguing that this finding establishes that supervised parenting time should have been ordered. We disagree. This finding is the trial court's way of acknowledging that Father has had some shortcomings in terms of learning about Child's needs; but it does not amount to a finding that unsupervised parenting time would endanger Child's physical health. To address that concern, the trial court ordered that Father get properly trained on the feeding plan and faithfully follow and administer the plan when he exercises parenting time. In this way, the trial court addressed its own concern as well as Mother's.

[12] Should Mother conclude that Father is not complying with this court order, thereby endangering Child's well-being, she is free to file a rule to show cause as well as a motion to modify the parenting time order. But assuming that Father complies with the order, Child's needs—as well as the relationship between Father and Child—are protected.

[13] The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.